UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHLEEN EGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:15-cv-898-WTL-TAB |
| ) | |
| COVENANT SECURITY SERVICES, LTD., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO DISMISS CROSS-CLAIM

This cause is before the Court on the motion of Defendant Covenant Security Services, Ltd., ("Covenant") seeking to dismiss the cross-claim filed against it by Defendant Midcontinent Independent System Operator, Inc. ("MISO") (Dkt. No. 19). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I. BACKGROUND

The facts alleged by Plaintiff Kathleen Egan in her complaint are as follow. Covenant provides security services for MISO pursuant to a written services agreement. Plaintiff Kathleen Egan was employed by Covenant and assigned to work as its site manager for MISO. She alleges in this suit that Egan's supervisor at MISO, who was Covenant's account manager for the MISO account, subjected her to a hostile work environment in violation of Title VII. When she complained to Covenant, she was told to "get thicker skin." After she complained to MISO, Covenant transferred the supervisor to another site and appointed Egan acting account manager for MISO. The supervisor retaliated against Egan, making false allegations against her. When Egan was eventually not selected for the account manager position, she informed Covenant that she intended to file charges alleging sex discrimination and retaliation. When Covenant informed MISO of Egan's intention to file charges, MISO asked that she be removed from the

account.  Covenant complied, and shortly thereafter terminated Egan, informing her that it did not have any other job available for her.

Egan asserts three claims in her complaint:  Count I is a Title VII sex discrimination and harassment claim against Covenant; Count II is a Title VII retaliation claim against both Covenant and MISO; and Count III is a tortious interference with a business relationship claim against MISO.

MISO has filed a cross-claim against Covenant, asserting a claim for contractual indemnification and alleging that Covenant is "contractually obligated to indemnify [it] for fees and costs associated with [its] defense of this litigation."  Dkt. No. 18 at 17.

## II.  DISCUSSION

MISO's cross-claim against Covenant is based upon the following provision in the Defendants' services agreement:

> Section 7.2 General Indemnification. Each Party (in such capacity an "Indemnifying Party") shall be liable for its own acts to the extent provided by law and hereby agrees to indemnify, hold harmless and defend the other Party, its subsidiaries and affiliated companies, employees, officers, directors, principals (owners, partners, shareholders or holders of an ownership interest, as the case may be) agents, representatives, consultants, and subcontractors (each an ("Indemnified Party") against any and all liability, loss, costs, damages, expenses, claims or actions (collectively "Claims"), including claims with respect to bodily injury, sexual harassment or damage to property, resulting from the negligent actions or omissions or willful misconduct of the Indemnifying Party, its employees, agents, representatives or subcontractors, in the execution and performance of its obligations under this Agreement, **except to the extent such Claims are the result of the negligence or willful misconduct of one or more Indemnified Parties.** For purposes of this Section, to "indemnify" means to defend and pay all expenses (including reasonable attorneys' fees) and satisfy all judgments (including costs and reasonable attorneys' fees) that may be incurred or rendered against any Indemnified Party.

Dkt. 18-1 at 6 (emphasis added).  Covenant moves to dismiss the cross-claim, arguing, based upon the bolded language above, that "[b]ecause the complaint alleges intentional misconduct by MISO, the indemnity provision does not apply."  Dkt. No. 20 at 4.

2

Covenant's argument misses the mark. It is true that Egan alleges that MISO is liable to her for willful misconduct, but the exclusion in the contractual provision applies to claims that "are the result of" the willful misconduct of the Indemnified Party, not claims that are *alleged to be* the result of such conduct. MISO argues, correctly, that it is therefore not possible to determine whether the exclusion applies until liability is determined with regard to Egan's claims. The exclusion will apply only if MISO is found to have acted as Egan alleges. If it is not, then the question will be whether Egan's claims resulted from "the negligent actions or omissions or willful misconduct of" Covenant such that MISO is entitled to indemnification for its costs and attorney fees in defense of Egan's claims against it.[1] Accordingly, the motion to dismiss is **DENIED**.

SO ORDERED: 4/6/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] In its reply, Covenant cites to *Jim Barma Log Systems Midwest, Inc. v. General Casualty Insurance Co.*, 791 N.E.2d 816, 823 (Ind. App. 2003), for the proposition that "[u]nder Indiana law, a court determines a duty to defend from the allegations within the complaint." While that is true in the insurance contract, that rule serves to expand the duty to defend so that insureds are not left without insurance coverage for the defense of non-meritorious claims against them. It would be a strange system indeed if, for example, a person involved in an automobile accident only had insurance coverage for defense of a lawsuit arising out of that accident if he was at fault for that accident, but would be required to pay for his own defense if he was, in fact, wholly without fault. However, in the contractual indemnification context, the parties determine when one is required to indemnify the other; here, that question hinges on whether one party's misconduct resulted in the third party's claim against the other.